IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,387-01






EX PARTE DONALD MAYNARD, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER W02-73253-L(A) IN THE CRIMINAL

DISTRICT COURT NUMBER 5 DALLAS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to aggravated sexual assault of a child under fourteen and was
sentenced by a jury to life in prison. The conviction was affirmed on direct appeal. Maynard
v. State, No. 08-03-00158-CR (Tex. App.--El Paso, delivered January 27, 2005, pet.
dismissed). 

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
trial counsel was ineffective. The trial court has not entered findings of fact and conclusions
of law, and it is this Court's opinion that additional information is needed before this Court
can render a decision. In its answer, the State suggested that an affidavit from trial counsel
should be obtained to respond to Applicant's ineffective assistance claims. We agree.

 Because this Court does not hear evidence, though, the trial court is the appropriate
forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). Thus, the trial
court shall resolve these issues as set out in Article 11.07, Section 3(d), of the Texas Code
of Criminal Procedure, in that it shall order trial counsel to supply an affidavit that addresses
Applicant's claims of ineffective assistance of counsel. The trial court may also order
depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court may
also rely on its personal recollection. 

 Additionally, the trial court shall supplement the record to this Court with a copy of
the charging instrument and a copy of the judgment, neither of which were included in the
record supplied to this Court. The trial court may also provide any other documents that it
deems relevant and appropriate to the disposition of Applicant's application for habeas corpus
relief.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel, and the trial court shall make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. 

 Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 120 days of the date of this order. (2)




DELIVERED: APRIL 26, 2006


DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.